# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　No. CV 07-0325 JP/ACT
　　　　　　　　　　　　　　　　　　　　　　　　　　　CR-04-0512 JP

CHRISTOPHER O. TURNER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to void judgment under rule 60(b)(4) of the Federal Rules of Civil Procedure (CV Doc. 1; CR Doc. 20) filed March 28, 2007. Defendant was charged and convicted of bank fraud under 18 U.S.C. § 1344. In the motion, Defendant asserts that Congress never enacted this statute and thus the Court had no jurisdiction to try or convict him thereunder. Defendant asks the Court to dismiss the criminal judgment against him and release him from custody.

As a preliminary matter, rule 60 of the Federal Rules of Civil Procedure does not provide a statutory basis for attacking a criminal conviction. *See Grene v. United States*, 448 F.2d 720, 721 (5th Cir. 1971); *United States v. Wallace*, 82 F. App'x 701 (1st Cir. 2003). No relief is available to Defendant under civil rule 60.

Defendant's claims may be more appropriate to a motion under 28 U.S.C. § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human*

*Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).  Defendant's claim is expressly contemplated by § 2255: relief is available where "the court was without jurisdiction to impose such sentence." § 2255.  In this circumstance,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in *Kelly*, the Court notes that if Defendant pursues the motion under § 2255 he may be barred from filing subsequent § 2255 motions.  If Defendant does not withdraw the motion, the Court may recharacterize and consider it as a motion under § 2255.[1]

IT IS THEREFORE ORDERED that Defendant is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may withdraw his motion to void judgment under rule 60(b)(4) of the Federal Rules of Civil Procedure, or he may notify the Court in writing that he agrees to have the motion recharacterized and considered as a motion under 28 U.S.C. § 2255.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Without prejudging the merits of Defendant's claim, it appears that Congress did enact the statute under which he was charged.  *See, e.g., United States v. Jacobs*, 117 F.3d 82, 93 (2d Cir. 1997).